```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                         EASTERN DIVISION
```

| | |
|---|---|
| **LOURDES P. LLARENA,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:05CV766(TCM) |
| | ) |
| **SAINT LOUIS MAIN POST OFFICE,** | ) |
| **et al.,** | ) |
| | ) |
| Defendants. | ) |

### OPINION, ORDER AND MEMORANDUM

This matter is before the Court upon the application of Lourdes P. Llarena for leave to commence this action without payment of the required filing fee [Doc. #1]. *See* 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a

claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978), *cert. denied*, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 112 S. Ct. 1728, 1733 (1992).

**The complaint**

Plaintiff seeks unspecified relief against defendants Saint Louis Main Post Office, William Jefferson Clinton, and One Hundred Senators.

**Discussion**

Plaintiff's complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff is a frequent filer of frivolous complaints nationwide. *See e.g. Llarena v. Sentry Insurance Co.*, 2001WL1029506 (N.D. Tex. Aug. 21, 2001) (noting numerous frivolous actions); *Llarena v. Carvajal*, 1996WL135131 (D.C. Cir. Feb. 6, 1996) (noting that plaintiff has injunction limiting her access to the court). The instant complaint is extremely disjointed,

rambling and unorganized. As best this Court can determine, the gravamen of the complaint involves plaintiff's loss or theft of a postal money order in 1993 and her subsequent eviction from Washington, D.C., real estate. These allegations do not rise to the level of a cognizable claim.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #1] is **GRANTED**. See 28 U.S.C. § 1915(a).

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both. See 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 23rd day of August, 2005.

_____
**UNITED STATES DISTRICT JUDGE**